IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THERMO J. REINA-DEL ROSARIO,<br><br>Defendant. | CRIMINAL No. 17-534 (GAG) |

**MOTION TO DISMISS INDICTMENT**

TO THE HONORABLE GUSTAVO A. GELPI
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

      **COMES NOW** defendant, THERMO J. REINA-DEL ROSARIO, represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, and very respectfully states, alleges and prays as follows:

**I. Introduction**

      Mr. Reina-Del Rosario was arrested on August 25, 2017 based on a criminal complaint that charged him with a violation to 8 U.S.C. § 1326(a). (Docket No. 1.) Eventually, a grand jury returned an Indictment against him charging the same offense. (Docket No. 15.) Following the arrest, but before the Indictment, defendant was granted release on bail by the magistrate judge and he posted bond. During this same time, Mr. Reina-Del Rosario was removed from Puerto Rico and transferred to USP Yazoo City in Mississippi due to Hurricane Maria.

      Subsequently, when the BOP authorities realized that Mr. Reina-Del Rosario had been granted release and posted bond, they contacted the immigration authorities. ICE

took custody of the defendant and he is currently detained at an immigration facility in the State of Louisiana. The arraignment of Mr. Reina-Del Rosario has not been held. With every day that passes without the defendant being afforded an opportunity to plead to the charges, he is being prejudiced and is suffering from more depravation of liberty than warranted. For the reasons set forth below, and pursuant to Fed. R. Crim. P. 12(b)(3)(A)(iii), Mr. Reina-Del Rosario requests the dismissal of the Indictment pending against him.

## II. Factual and Procedural Background

On June 4, 2009, Mr. Reina-Del Rosario attempted to enter the United States illegally. He was arrested as he and others attempted to arrive to Puerto Rico on board of a yawl. He was shortly thereafter (June 12, 2009) deported. In 2010, Mr. Reina-Del Rosario successfully, albeit illegally, entered the United States through Puerto Rico. He had resided in Puerto Rico illegally since that time until his arrest in this case. During the past seven years, Mr. Reina-Del Rosario accomplished many things: he married his current wife, had been working in legal and gainful employment, was paying taxes and was in the process of adjusting his legal status.

Unfortunately, on August 22, 2017, Mr. Reina-Del Rosario was arrested after he and his friend who were fishing in the San Juan area were intervened by a CBP vessel. He immediately identified himself and admitted that he was an illegal alien. Preliminary and bail hearings were held on September 14, 2017, almost three weeks after his arrest due to Hurricane Irma and a request for continuance by the government. (*See* Docket Nos. 8, 9 and 12.) The defendant waived his right to a preliminary hearing; and over the objection of the government, the magistrate judge granted release to Mr. Reina-Del Rosario's on bond and conditions of release. (Docket Nos. 12 and 13.) Bond was posted on the same date.

(Docket No. 14.) As Mr. Reina-Del Rosario's immigration attorney was working on getting the immigration detainer lifted, Hurricane Maria hit and Mr. Reina-Del Rosario was removed from Puerto Rico. He was transferred to USP Yazoo City in Mississippi.

On October 11, 2017, the Grand Jury returned the Indictment against Mr. Reina-Del Rosario alleging in one count a violation to 8 U.S.C. § 1326(a), illegal re-entry after deportation. (Docket No. 15.) The arraignment was set for October 27, 2017. (Docket No. 16.) The magistrate judge understandably assumed that Mr. Reina-Del Rosario was on bond. The undersigned clarified via Informative Motion that Mr. Reina-Del Rosario had not been able to secure release. (Docket No. 18.) The magistrate judge then vacated the arraignment. (Docket No. 19.)

Meanwhile, Mr. Reina-Del Rosario was taken into custody by ICE agents and placed at an immigration detention facility in the State of Louisiana where he has been for close to two months. A motion requesting order was filed to have the defendant transferred back to Puerto Rico. We have approached counsel for the government and requested a dismissal of the Indictment in the interest of justice allowing Mr. Reina-Del Rosario to be deported. As of today nothing has happened and Mr. Reina-Del Rosario remains detained, without an arraignment and away from his wife and family. The Court has ordered the government to inform how it intends to proceed on or before December 8, 2017. Regardless of how the government intends to proceed, the undersigned cannot sit idly by and allow Mr. Reina-Del Rosario to continue to be prejudiced by his continued detention.

### III. Applicable Law and Discussion

Mr. Reina-Del Rosario moves the Court to dismiss the indictment on the grounds of prejudicial failure to arraign and violation to his Sixth Amendment right to a speedy trial. The facts supporting both grounds are the same. Mr. Reina-Del Rosario submits that even

though either ground on their own may not be sufficient to support the request for dismissal, in combination they show that his due process rights as well as his constitutional speedy trial rights have been infringed. We explain.

Rule 10 of the Federal Rules of Criminal Procedure provides in relevant part as follows:

> (a) In General. An arraignment must be conducted in open court and must consist of:
>
> (1) ensuring that the defendant has a copy of the indictment or information;
> (2) reading the indictment or information to the defendant or stating to the defendant the substance of the charge; and then
> (3) asking the defendant to plead to the indictment or information.

Fed. R. Crim. P. 10(a). The Supreme Court has long held that the arraignment is a formality a violation of which does not necessarily implicate a defendant's substantial rights. *See Garland v. Washington*, 232 U.S. 642 (1914). However, Courts have held that a failure to arraign warrants reversal of a conviction if it causes prejudice. *See United States v. Solomon*, 581 Fed. Appx. 270, 273 (4th Cir. 2014); *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998); *United States v. Correa-Ventura*, 6 F.3d 1070, 1073 (5th Cir. 1993); *Tapia v. Tansy*, 926 F.2d 1554, 1558 (10th Cir. 1991); *see also United States v. Riley*, No. 07-189, 2008 U.S. Dist. LEXIS 117208 (D.N.H. Jul. 10, 2008)(collecting cases).

On the other hand, "[t]he Sixth Amendment itself, as interpreted by the Supreme Court, provides a remedy for those who have been subject to improper prosecutorial delay." *United States v. Cervantes*, 897 F. Supp. 24, 27 (D.P.R. 1995)(Fuste, J.) The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Supreme Court has identified

the following four factors to consider in determining whether a defendant has been deprived of his right to a speedy trial: (1) whether the delay before trial was uncommonly long; (2) whether the government or the defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

The combination of both the failure to arraign and the delay in bringing the defendant to face the charges against him in order to provide him an opportunity to plea to the charges has caused Mr. Reina-Del Rosario significant prejudice. The prejudice caused in this case is not necessarily as to the right to be appraised of the charges against him consistent with due process principles. The prejudice stems from the delay that has deprived him of an opportunity to enter a guilty plea–something that he could do at the arraignment–and move the Court to immediately sentence him. Had he been brought back to Puerto Rico weeks ago, there is a strong likelihood that he would have already been sentenced, given a sentence of time served, and deported to his country where he would be free. We will discuss the *Barker v. Wingo* factors to endeavor to persuade the Court that prejudice has indeed occurred and continues to occur with everyday that passes.

### *Length of the Delay*

This first factor is both the triggering mechanism for the rest of the analysis and a factor in that analysis. *United States v. Carpenter*, 781 F.3d 599, 609 (1st Cir. 2015)(citing *United States v. Souza*, 749 F.3d 74, 81 (1st Cir. 2014)). If the delay is not uncommonly long, judicial examination ends because until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors. *Barker v. Wingo*, 407 U.S. at 530.

Mr. Reina-Del Rosario argues that this factor should be considered both as a triggering mechanism and as a factor of the analysis taking into consideration the particular circumstances of this case. *See Barker v. Wingo*, 407 U.S. at 530 ("The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances.") In this case, we acknowledge that the delay of almost four months does not reach the "at least" one year threshold to make it presumptively prejudicial.[1] But under the facts of this case, Mr. Reina-Del Rosario needs not avail himself of the presumption as he can show actual prejudice. The fact of the matter is that in a regular felony prosecution, perhaps a four month delay would not be prejudicial. In the spectrum of misdemeanors on one end, and death penalty cases on the other, delays can cause prejudice at different times.

As the Court knows, section 1326(a) prosecutions are cases in which most of the times, the defendants plead guilty shortly after the initial hearings by way of straight plea. Many defendants request, and judicial officers approve, waivers of Pre-sentence Investigation and Report. First time offenders are exposed to a guideline range of zero to six months. The defendants are usually sentenced to the time they have already served at the moment they appear before the Court for sentencing. These cases are usually resolved in as little as 30 days, and in an average of two to three months. Thus, a delay of more than three months in a case like Mr. Reina-Del Rosario's can be prejudicial whereas it may not be so in any other kind of felony prosecution. Had the defendant not been taken away for Puerto Rico and his arraignment held as scheduled, he would have been in a position to enter a guilty plea sooner and he would have likely been sentenced and deported already. Mr. Reina-Del Rosario argues that this factors weighs in his favor.

---

[1] "Depending on the nature of the charges, the lower courts have generally found postaccusation delay "presumptively prejudicial' at least as it approaches one year." *Doggett v. United States*, 506 U.S. 647, 652 n.1 (1992).

*Reasons for the Delay*

Mr. Reina-Del Rosario approached counsel for the government informally requesting the United States to consider the possibility of dismissing this case since the defendant had not being arraigned and was coming up on two months of detention. At that time, counsel for the government eschewed the possibility of a dismissal as unwarranted. Subsequently, the undersigned filed the motion requesting an order from the Court to transfer the defendant back to Puerto Rico. (Docket No. 20.) On November 9, 2017, the undersigned once again contacted counsel for the government asking her to reconsider the refusal to dismiss the Indictment. (Email Thread, Attachment I.) It was requested that the matter be discussed with her supervisors at the U.S. Attorney's Office. As of today we have not been informed of the results of those discussions, if any. Mr. Reina-Del Rosario continues to be detained at an immigration facility in Louisiana. It is the government who has at its disposition resources and alternatives to secure the transfer of the defendant back to Puerto Rico. The immigration authorities are part of the same branch of government as the United States. The United States has worked out in other cases arrangements with the U.S. Marshal Service to secure transportation of inmates for prosecution. The defendant has no say, and does not control any part of his detention and transportation. Accordingly, this factor also supports the position of the defense as to dismissal.

The undersigned realizes that the Court has ordered the government to inform what it intends to do by the end of this week. In a different circumstance, and for the sake of efficiency, we would wait to learn the government's position. Nevertheless, we think that the government's decision-making process can be informed by considering the merits of the present motion which would have been filed in any event if the decision of the government is not to dismiss the charges.

### *Defendant's Assertion of his Speedy Trial Rights*

Mr. Reina-Del Rosario informally invoked his right at the two-month mark. Formally, he asserted his right with the filling of the motion at docket 20 in which he alerted that he had not being arraigned and that more than two months had elapsed on a zero-to-six-months-guideline case. This factor also weighs in favor of dismissal.

### *Prejudice Caused by the Delay*

This factor requires the Court to consider the prejudice that the delay has caused the defendant, specifically his interest in (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern on the part of the accused; and (3) limiting the possibility that the defense will be impaired. *See Barker*, 407 U.S. at 532. We have hinted throughout this motion what the prejudice to Mr. Reina-Del Rosario is. He is at risk of over serving a sentence. Granted, the top of the guidelines is six months and he is not even close to the statutory maximum. But as stated above, the likelihood of this Court considering a sentence other than time-served for this first-time offender whose case presents no aggravating circumstances, is slim. The Supreme Court has held that the presumption that pretrial delay has prejudiced the defendant "intensifies over time." *Doggett*, 505 U.S. at 651.

The pre-trial incarceration of Mr. Reina-Del Rosario is oppressive as he is in a remote place, without access to his counsel[2], and far away from his family. He is illiterate, absolutely without knowledge of the English language which prevents him from effectively communicating with the officials that are detaining him. This factors points to prejudice.

---

[2]The immigration detention facility in which Mr. Reina-Del Rosario is housed does not have the accommodations for video teleconferencing which is the only way that attorneys have been communicating with their clients after they were all removed from Puerto Rico.

So does the need to minimize the anxiety of the defendant.  Mr. Reina-Del Rosario is extremely anxious and desperate because he does not know what is going to happen with him.  He was granted bail, yet he remains incarcerated. Then the possibility of resolving the case expeditiously was discussed, but there is no disposition in sight.  Mr. Reina-Del Rosario's mental health is deteriorating.

Finally, in this case the delay is not prejudicing the defendant in the traditional sense of impairing a possible defense at trial due to locate witnesses or memories fading.  But his defense is impaired in that the only way he can argue for a sentence of time-served and securing his release as soon as possible is to be able to plead in this case and move for immediate sentence.  Not having been arraigned has prevented this and, again, every day that passes, the prejudice is magnified.

**IV. Conclusion**

In view of all of the above, it is respectfully requested that the indictment filed against Mr. Reina-Del Rosario be dismissed.  With the dismissal of the indictment, the immigration authorities will be able to remove the defendant forthwith as they have already decided to reinstate the prior order of deportation.  Any interest of the government in punishing and deterring the defendant has been accomplished because the defendant at this point has served, and will continue to serve additional incarceration over what he would have probably served without the prejudicial delay.

**WHEREFORE**, it is requested that the Court be informed of the present motion and that the same be granted thereby dismissing the indictment against Mr. Reina-del Rosario.

**I HEREBY CERTIFY** that on this date I electronically filed the present motion with the Clerk of Court using the CM/ECF system which will sent electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 6th day of December, 2017.

**ERIC ALEXANDER VOS**
**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF PUERTO RICO**

**S/Hector L. Ramos-Vega**
Hector L. Ramos-Vega
First Assistant Federal Public Defender
USDC-PR 222504
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: Hector_Ramos@fd.org