IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. THERMO J. REINA-DEL ROSARIO, Defendant. | CRIMINAL No. 17-534 (GAG) |

### REPLY[1] TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE GUSTAVO A. GELPI
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW** defendant, THERMO J. REINA-DEL ROSARIO, represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, and very respectfully states, alleges and prays as follows:

1. On December 6, 2017, herein defendant filed a motion to dismiss arguing a violation to his speedy trial rights and prejudicial failure to arraign. (Docket No. 23.) Mr. Reina-Del Rosario established for the Court demonstrable prejudice caused by the delay in his arraignment and his detention away from our jurisdiction.

2. In response, instead of addressing the substantive arguments advanced by Mr. Reina-Del Rosario in his motion to dismiss, the government opposed by pointing fingers to a separate unit of its same executive branch, and by suggesting that issuing a writ of

---

[1] Leave to file the present reply is requested pursuant to the local rules of the Court. For efficiency purpose we tender the proposed reply assuming the Court will liberally grant our request for leave to reply.

habeas corpus ad prosequendum remedies the prejudice caused to the defendant. The government has limited itself to argue that it is very interested in continuing with the prosecution.

3. Mr. Reina-Del Rosario moves the Court to grant his motion to dismiss since the government has perfunctorily responded to it, and has failed to argue why the remedy requested should not be granted. Morever, as stated in the motion to dismiss, the prejudice to the defendant if magnified with every passing day. Mr. Reina-Del Rosario was granted bail and was never able to enjoy that privilege. Then he was resigned to be able to plead guilty as soon as possible to try and obtain a sentence that would allow him to be deported expeditiously. Meanwhile, he has remained detained at a distant place, and this week it will be four months since his arrest. All because United States government agencies cannot get their act together in performing a simple task: transportation of the defendant back to our district. The impasse between the Department of Justice and the Department of Homeland Security as to what to do with Mr. Reina-Del Rosario only works to his detriment. No one else is affected.

4. In light of the above, we understand that the government has failed to properly respond to the defendant's motion to dismiss. Accordingly, and also for the substantive reasons advanced therein, the motion to dismiss should be granted. The defendant has served the time, and he will endure additional detention prior to deportation if the Indictment is dismissed.

**WHEREFORE**, it is requested that the Court be informed of the present motion and that the same be granted thereby dismissing the indictment against Mr. Reina-del Rosario.

**I HEREBY CERTIFY** that on this date I electronically filed the present motion with the Clerk of Court using the CM/ECF system which will sent electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 20th day of December, 2017.

**ERIC ALEXANDER VOS**
**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF PUERTO RICO**

**S/Hector L. Ramos-Vega**
Hector L. Ramos-Vega
First Assistant Federal Public Defender
USDC-PR 222504
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: Hector_Ramos@fd.org